FILED
MAR 24 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BELINDA JOHNSON,<br><br>Defendant. | Criminal Case No. 11 MJ 0893<br><br>**DETENTION ORDER** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on March 21, 2011, to determine whether defendant Belinda Johnson, should be held in custody pending trial, on the grounds that she is a flight risk. At the detention hearing, Assistant United States Attorney Michelle L. Wasserman appeared on behalf of the United States and attorney Trent Packer appeared on behalf of Ms. Johnson.

Based on the evidence proffered by the United States, the evidence proffered by Ms. Johnson, the pretrial services report, and the complaint, the Court concludes the following:
(1) there is a rebuttable presumption that Ms. Johnson presents a risk of flight; (2) the Government met its burden to demonstrate by a preponderance of the evidence that Ms. Johnson is a flight risk and that there is no condition or combination of conditions that will reasonably assure Ms. Johnson's appearance; and (3) Ms. Johnson failed to rebut the presumption that she presents a risk of flight.

# I.

# FINDINGS OF FACT

**A.    Nature and Circumstances of the Offense Charged [18 U.S.C.§ 3142(g)(1)]**

1.    Ms. Johnson is charged in a complaint with one count of importation of a controlled substance in violation of 21 U.S.C. sections 952 and 960.

2.    Ms. Johnson was arrested on March 14, 2011 at the San Ysidro Port of Entry with 27.80 kilograms of methamphetamine concealed in her vehicle.

3.    If convicted of this charge, Ms. Johnson faces a possible maximum sentence of life imprisonment and a mandatory minimum sentence of ten years imprisonment. Accordingly, in this case, the nature and the circumstances of this offense favor detention.

**B.    Weight of the Evidence Against Ms. Johnson [18 U.S.C.§ 3142(g)(2)]**

1.    Although this factor is to be given the least weight, Ms. Johnson was the driver of the vehicle and the amount of methamphetamine was very significant. Therefore this factor weighs in favor of detention.

**C.    History and Characteristics of Ms. Johnson [18 U.S.C.§ 3142(g)(3)]**

1.    Ms. Johnson has no history of drug or alcohol problems, which favors setting bail. Ms. Johnson also has no history of mental or medical issues, nor does she have any ties to Mexico. Further, Ms. Johnson has strong family support, as evidenced by the presence of her family in court, and Ms. Johnson has proffered that she has a daughter with medical issues who needs her support. These factors weigh in favor of setting bail. However, the PTS report reveals that Ms. Johnson has a significant criminal history including six convictions in less than twenty years. Her criminal history also reveals that her probation was revoked on several occasions, and she has a failure to appear from 2001. Ms. Johnson's criminal history, and history of failure to comply with court orders therefore weighs heavily in favor of detention. Further, Ms. Johnson's strong family ties also existed when she had her probation revoked and committed the other crimes evidenced by her criminal history, weighing in favor of detention. Ms. Johnson also has offered no evidence

of financial assets or resources, and no evidence of property that will ensure her appearance in court, also weighing strongly in favor of detention. In sum, Ms. Johnson has not presented evidence to rebut the Court's finding by a preponderance of the evidence, that she is a risk of flight.

## II.

## CONCLUSIONS REGARDING DETENTION

Based on the factors set forth in 18 U.S.C. § 3142(g), the Government has satisfied its burden of demonstrating that Ms. Johnson is a flight risk and that no condition or combination of conditions will reasonably assure the appearance of Ms. Johnson at future court proceedings in this case.

## III.

## ORDER

IT IS HEREBY ORDERED that Ms. Johnson be detained pending trial in this matter.

IT IS FURTHER ORDERED that Ms. Johnson be committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Ms. Johnson shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Ms. Johnson to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by counsel for the defense and for the United States.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 3/22/11

The Honorable WILLIAM V. GALLO
United States Magistrate Judge

1  Prepared by:

2
   */s Michelle L. Wasserman*
3  MICHELLE L. WASSERMAN
   Assistant United States Attorney
4
   cc:    Trent Packer, Esq.
5

4